ACME FOLDING BOX CO., INC., Appellant, v FINANCE ADMINISTRATION OF THE CITY OF NEW YORK et al., Respondents.—In a tax certiorari proceeding, petitioner appeals from an order of the Supreme Court, Kings County, dated March 29, 1978, which, after a hearing, denied its motion to amend the "admission of service" of its petition to reflect service on October 20, 1977. Order reversed, without costs or disbursements, and motion granted. In order to be timely the instant proceeding had to be commenced before October 25, 1977. An agent of the petitioner appeared at the office of the Tax Commission for the City of New York on Thursday, October 20, 1977, with the intention of filing the necessary petition to commence the proceeding. Although the petition was apparently properly prepared and legally constituted, the clerk in charge refused to accept it because it did not meet the requirement adopted by the president of the tax commission that the petition must have a Supreme Court index number. Thereafter, the agent employed a clerical service to obtain an index number, which it did on Friday, October 21, 1977. For a reason not apparent on the record before us, the petition was not returned to the petitioner until after 4:30 P.M. on Monday, October 24, 1977, when, we are told, it was physically impossible to

file the document that day. October 24 was the last day the petition could be timely filed. It was filed on October 25, 1977, at about 9:30 A.M. While it is true, as the respondents and Special Term observed, that the petitioner did have three business days within which to file its petition according to the requirements of the tax commission, we think that the petitioner should not have been required to do anything more than it did up to October 20, 1977, when its agent presented an otherwise properly composed petition in conformity with the promulgated and properly adopted laws and regulations of the State and City of New York. The record reveals that the index number requirement was adopted by the president of the tax commission strictly for the benefit of the workings of his office, and that with the exception of possible word of mouth knowledge transferred from one practitioner to another, there had been no public promulgation of the requirement; it has not been adopted as a regulation of the tax commission in accordance with the law (see NY City Charter, § 1105, subd b), and, even if it had been, its validity would be highly questionable (see *Matter of 749 Broadway Realty Corp. v Boyland,* 1 Misc 2d 575, affd 1 AD2d 819, affd 3 NY2d 737). The imposition by the president of the tax commission of the index number requirement was without authority in law. The petitioner, having attempted to timely file the petition, should not be penalized and held to have forfeited its right to review merely because it failed to comply with a rule of convenience imposed by the tax commission. The petition is to be deemed accepted by the tax commission on October 20, 1977, the day it was properly presented for filing and improperly rejected by the tax commission clerk. Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.