■ In the Matter of 439 EAST 88 OWNERS CORPORATION, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. [763 NYS2d 12] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered December 5, 2002, which, inter alia, granted petitioner property owner's motion for a preliminary injunction restraining respondent New York City Tax Commission from summarily confirming a real estate tax assessment based upon petitioner's refusal to disclose whether, in connection with that assessment, it had any dealings with two individuals who had been indicted for paying bribes to City assessors, unanimously affirmed, without costs.

In the wake of the indictment, respondent Tax Commission instituted a "supplemental policy and process" of refusing to review assessments of properties located in Manhattan, the borough in which the indicted assessors, among others, evaluated property, unless property owners seeking such review disclose whether they had any dealings with the two named masterminds of the bribery scheme. A refusal to provide the information, or an affirmative response, results in automatic denial of a merits-based review and summary confirmation of the assessment. The IAS court correctly held that since this ostensible "policy" dictates a specific result in particular circumstances without regard to other circumstances relevant to the regulatory scheme, it constitutes a "rule" within the meaning of City Administrative Procedure Act (NY City Charter) § 1041 (5) (*see Matter of Roman Catholic Diocese v New York State Dept. of Health*, 66 NY2d 948 [1985]). As such, it is subject to that Act's requirements for promulgating rules, such as notice, hearings and review by Corporation Counsel (NY City Charter § 1043). It is undisputed that the Tax Commission did not comply with these requirements.

Moreover, the Tax Commission is charged with "*the duty of reviewing and correcting all assessments* of real property" (NY City Charter § 153 [b] [emphasis added]), the application process and procedures for which are delineated in New York City Charter §§ 163 and 164. There is, however, no provision authorizing the Tax Commission to circumvent its "duty" to review "all assessments" and summarily confirm an assessment based upon an owner's simple assertion that it retained the services of certain individuals. Accordingly, we find that the Tax Commission exceeded its statutory authority. To the extent that the Tax Commission may, quite reasonably, wish

to more closely scrutinize those properties in which the indicted individuals were involved, a requirement that an owner disclose its dealings with those individuals is essentially for the Tax Commissioner's convenience and is not a valid basis for summary denial of review (*see Acme Folding Box Co. v Finance Admin. of City of N.Y.*, 67 AD2d 689 [1979]). Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.